UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| ANDREW SUHAR, : | CASE NO. 4:08-CV-2280 |
| Plaintiff, : | |
| vs. : | ORDER & OPINION |
| : | [Resolving Doc. No. 63] |
| NEW HAMPSHIRE INSURANCE : | |
| COMPANY, : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Counterclaim Third-Party Defendant, Dawson Insurance, Inc., ("Dawson") moves for leave to file a motion for summary judgment on the Third-Party Complaint. [Doc. 63.] Neither the Plaintiff or Defendant have filed a response. For the reasons discussed below, this Court **DENIES** the Third-Party Defendant's motion for leave to file a motion for summary judgment.

In this case, Plaintiff Andrew Suhar, Receiver for National Marine, Inc., filed a claim in state court against Defendant New Hampshire Insurance Company ("New Hampshire"). [Doc. 1, Ex. A.] New Hampshire removed the case to federal court, where it was initially assigned to Judge David Dowd. Defendant New Hampshire counterclaimed against Suhar, [Doc. 12], who then filed a Third-Party Complaint on the Counterclaim against Dawson Insurance, Inc., [Doc. 26]. In the meantime, the case was transferred to this Court to be consolidated with another case, earlier filed, between the same parties litigating the same issue, *New Hampshire Insurance Company v. Suhar, et al* (07-2743).

This case was transferred to this Court two days after the final pre-trial conference in Case 07-2743. [Doc. 24.] Because that case was already on the doorstep of trial, the Court endeavored to maintain the momentum towards resolution of the issues. The Court immediately granted leave to

Case No. 4:08-CV-2280
Gwin, J.

file a Third Party Complaint, [Doc. 25], and scheduled a case management conference for both cases combined. On February 13, 2009, following the conference, the Court issued an order scheduling a final pre-trial conference for May 19, 2009, and the trial for May 26, 2009. [Doc. 38.]

This case, in one form or another, has been before this Court for almost four years. [*See* Case No. 05-2179.] The case is now about to go to trial in less than two months. The Court does not find cause for further delaying the trial and ultimate resolution of the issues. Motions for summary judgment utilize a standard very similar to the standard employed in considering motions for directed verdicts. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that the standard for granting summary judgment:

> mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . [T]he "genuine issue" summary judgment standard is "very close" to the "reasonable jury" directed verdict standard . . . [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-52. As the Third-Party Defendant will have ability to seek a directed verdict or verdict as a matter of law, the Court finds no good reason to delay the trial of this matter. Finally, the Court observes that summary judgment is available only if no material issue of fact exists that would defeat the Third-Party Defendant's defense. Presumptively, if the Third-Party Defendant's case is so strong, they should be able to establish the defense to the jury or upon a Rule 50 motion.

Given the late stage of these proceedings, the Court finds Third-Party Defendant Dawson's motion for leave to file a motion for summary judgment to be untimely. The case will proceed to trial.

Case No. 4:08-CV-2280
Gwin, J.

For the foregoing reasons, this Court **DENIES** the Third-Party Defendant's motion for leave to file a motion for summary judgment suppress. [Doc. 63].

IT IS SO ORDERED.


Dated: April 10, 2009               s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE