```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
ANDREW SUHAR,                             :    CASE NO. 4:08-CV-2280
                                          :
          Plaintiff,                      :
                                          :
vs.                                       :    ORDER & OPINION
                                          :    [Resolving Doc. Nos. 5 & 51]
NEW HAMPSHIRE INSURANCE                   :
COMPANY,                                  :
                                          :
          Defendant.                      :
                                          :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Andrew Suhar, Receiver for National Marine, Inc., moves this Court to remand this case to state court. [Doc. 5.] Defendant New Hampshire Insurance Company ("New Hampshire") opposes the motion. [Doc. 13.] Additionally, Third-Party Defendant Dawson Insurance, Inc., ("Dawson") moves the Court to preclude remand of the third-party complaint in the event the Plaintiff's motion to remand is denied. [Doc. 51.] For the reasons discussed below, the Court **DENIES** the Plaintiff's motion to remand and **GRANTS** the Third-Party Defendant's motion to preclude remand.

I. Background

In 2003, National Marine, Inc., operated an enterprise that sold expensive, high-performance boats. Defendant New Hampshire Insurance Company issued a marine insurance policy to National Marine, effective November 1, 2003 to November 1, 2004. Defendant New Hampshire cancelled the policy on August 24, 2004, for non-payment of the premium. In 2004, after problems began to surface regarding the business practices of National Marine, the Trumbull County Court of Common Pleas established a receivership for the company and designated Plaintiff Suhar as the receiver. *See*

-1-

Case No. 4:08-CV-2280
Gwin, J.

*Home Sav. & Loan Co. Of Youngstown, Ohio v. Nat'l Marine, Inc.*, No. 2004-CV-1999 (Trumbull County Ct. C.P. filed Aug. 13, 2004). The state court receivership action remains pending.

On September 11, 2007, in a separate case, New Hampshire Insurance Company filed a complaint in this Court against Andrew Suhar, Receiver for National Marine, Inc.; National Marine, Inc.; Bill Hionas, individually and doing business as National Auto & Marine; and Norm Stull. [Case No. 4:07-CV-2743, Doc. 1.] In the initial complaint, New Hampshire sought declaratory judgment that it was not obligated to defend or indemnify any of the Defendants for claims against them, rescission of the insurance policy, and restitution of fees already expended in defending National Marine. In support of its complaint, New Hampshire claimed that misrepresentations made in the application for the insurance policy rendered the policy void *ab initio*. Over the course of the action, New Hampshire has twice amended its complaint. [4:07-CV-2743, Docs. 34, 81.] In its Second Amended Complaint, New Hampshire dropped its claims for declaratory judgment, leaving only the claims for rescission of the insurance policy and restitution. [4:07-CV-2743, Doc. 81.]

On September 12, 2008, while Case No. 07-CV-2743 was pending before this Court, Receiver Suhar filed a complaint against New Hampshire in state court, in the Court of Common Pleas in Trumbull County, seeking declaratory judgment regarding the rights and responsibilities of the parties under the insurance policy. [Doc. 1, Ex. A.] New Hampshire removed the case to federal court, asserting federal jurisdiction on the basis of diversity and admiralty jurisdiction. [Doc. 1.] Noting that Suhar's complaint did not set forth a claim for monetary relief, New Hampshire stated that potential claims for which the Receiver seeks coverage total over $14 million. [Doc. 1 at 2.] New Hampshire also counterclaimed against Suhar for restitution and rescission, and asked that the policy

-2-

Case No. 4:08-CV-2280
Gwin, J.

be declared void *ab initio*. [Doc. 12 at 7-8.][1] In response to the counterclaim, Plaintiff Suhar filed a reply, [Doc. 14],[2] and a third-party complaint against Dawson Insurance, Inc., alleging that any misrepresentations on the policy application were made with the knowledge, acquiescence, consent, and active participation of Dawson, which acted as New Hampshire's agent, [Doc. 26]. Dawson has answered the third-party complaint and denied the allegations. [Doc. 29.]

The instant case was initially assigned to Judge David Dowd. However, the case was transferred to this Court to be consolidated with the earlier filed case, 4:07-CV-2743, because the two cases are between the same parties, litigating the same issue. [Doc. 24.]

On October 1, 2008, before this case was transferred to this Court, Plaintiff Suhar filed a motion to remand the case to state court. [Doc. 5.] In the instant motion, Suhar asks the Court to abstain from hearing the case, on the basis of this Court's previous order in another earlier, related case, *New Hampshire Insurance Co. v. Home Savings and Loan Co. of Youngstown, Ohio, et al.*, 4:05-CV-2179. [Doc. 5 at 2.] In that previous June 16, 2008, order, this Court dismissed that action based on the broad discretionary power of the Court when deciding whether to hear a case under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). [*See* Case No. 4:05-CV-2179, Doc. 102.]

Defendant New Hampshire opposed the instant motion to remand on October 20, 2008, noting that because New Hampshire counterclaims for judgment other than declaratory judgment, there is a basis for federal jurisdiction in this action independent of Plaintiff Suhar's purely declaratory claims. [Doc. 13 at 2.] Plaintiff Suhar replied. [Doc. 15.]

---

[1]Defendant New Hampshire filed an amended answer and counterclaim, but these did not materially alter the claims. [*See* Doc. 42.]

[2]Plaintiff Suhar filed an amended answer to the counterclaim, but it did not substantively differ from the previously filed answer. [*See* Doc. 43.]

Case No. 4:08-CV-2280
Gwin, J.

Then, on March 18, 2009, Plaintiff Suhar filed a supplemental reply to the motion to remand, alleging that choice-of-law provisions in the insurance policy selected Ohio law to govern any dispute. [Doc. 47.] Suhar argues that these provisions negate New Hampshire's allegations that federal maritime law applies and grants federal jurisdiction. [Id.] Rather, the case should be remanded to state court, for disposition under Ohio law. [Id.] Defendant New Hampshire filed a supplemental memorandum in opposition. [Doc. 50.] New Hampshire argues that the provisions noted by Suhar "do not *choose* law, they merely *conform* certain provisions [of the insurance contract] to the law of the state where the policy was issued." [Id. at 2.]

Immediately after the parties filed these supplemental memoranda, Third-Party Defendant Dawson Insurance, Inc., filed its motion to preclude remand of the third-party complaint. [Doc. 51.] Dawson generally does not take a position with respect to Plaintiff Suhar's motion to remand, but asks the Court to retain jurisdiction over the third-party complaint if it retains jurisdiction over the counterclaim for rescission. [Id. at 4.] Dawson argues that the third-party claim is "so inextricably entwined with the federal rescission claim of New Hampshire that the two claims should not be separated." [Id.]

II. Discussion

*A. Abstention*

This Court has jurisdiction over this case on the basis of diversity of citizenship. 28 U.S.C. § 1332.[3/] Plaintiff Suhar does not challenge jurisdiction or that removal was proper. [*See* Doc. 5.] In his motion to remand, Plaintiff Suhar only argues for remand by reference to this Court's order

---

[3/]The Court may also have federal question subject matter jurisdiction because the case deals with federal maritime law, 28 U.S.C. § 1333. However, because the Court certainly has diversity jurisdiction, and because the Plaintiff does not challenge jurisdiction, the Court need not address the issue.

Case No. 4:08-CV-2280
Gwin, J.

granting dismissal of a previous, related case, Case No. 4:05-CV-02179. [*See* Doc. 5.] In that order, this Court dismissed that action based on the broad discretionary power of the Court when deciding whether to hear a case under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). In this case, Plaintiff Suhar seeks only declaratory judgment, [Doc. 1, Ex. A], but Defendant New Hampshire counterclaimed for rescission and restitution. [Doc. 42.] As the instant motion to remand is based on the discretion of the Court to exercise jurisdiction under the Declaratory Judgment Act, and the Defendant counterclaimed for judgment other than declaratory judgment, the Court denies the motion to remand as unsupported. Moreover, this case has been consolidated with Case No. 4:07-CV-2743, where the Court has already rejected this same argument from Receiver Suhar. [*See* 4:07-CV-2743, Doc. 91.]

*B. Provisions in the Insurance Policy*

In his supplemental memorandum supporting his motion to remand, Plaintiff Suhar cites the following provisions from the parties' insurance policy:

> **Suit:** No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provide, however, that if by the laws of the State within which this policy is issued such limitation is invalid then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state.
>
> **Conformity to Statute:** Terms of this policy which are in conflict with the statutes of the state wherein the policy is issued are hereby amended to conform to such statutes.
>
> No action shall lie against us for the recovery of any loss sustained by you unless such action be brought against us within one (1) year after the final judgement or decree is entered in the litigation against you, or in case the claim against us accrues without the entry of such final judgement or decree, unless such action be brought within one (1) year from the date of the payment of such claim; provided however, that where

Case No. 4:08-CV-2280
Gwin, J.

> such limitation of time is prohibited by the laws of the State wherein this policy is issued, then and in that event no action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such State.

[Doc. 47, quoting Doc. 42, Ex. A at 3, 13.] Suhar argues that these are choice-of-law provisions that select Ohio law as governing the contract, and thereby defeat Defendant New Hampshire's federal maritime law basis for the claims. [Id.] In response, New Hampshire disagrees that the quoted provisions are choice-of-law provisions, and asserts that Ohio law is irrelevant to New Hampshire's federal maritime claims. [Doc. 50.]

The quoted provisions of the insurance policy are not choice-of-law provisions. They only address statutes of limitations and conforming the policy to state statute. These provisions, therefore, have no effect on the jurisdiction of this Court to hear this case, or whether the Court should abstain from hearing the case.

*C. Third-Party Complaint*

Third-Party Defendant Dawson asks the Court to retain jurisdiction over the third-party complaint in the event the Court retains jurisdiction over the complaint and counterclaim. The Court agrees that the claims should all be considered together. Plaintiff Suhar's third-party claim against Dawson Insurance on the counterclaim alleges that Dawson is liable for any misrepresentations by National Marine on the application for insurance. Because the underlying claims between Suhar and New Hampshire center on these alleged misrepresentations, liability of a third party for those misrepresentations is integral to the case. Therefore, the Court will not remand the third-party complaint, and will hear all the claims in this case and in Case No. 4:07-CV-2743. These consolidated cases are set for trial on May 26, 2009, and it is in the interests of judicial economy that the Court deal with all the related claims together.

Case No. 4:08-CV-2280
Gwin, J.

## IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion to remand, [Doc. 5], and **GRANTS** the Third-Party Defendant's motion to preclude remand, [Doc. 51].

IT IS SO ORDERED.


Dated: April 15, 2009         s/    *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE