UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                    :
ANDREW SUHAR,                                       :   CASE NO. 4:08-CV-2280
                                                    :
       Plaintiff,                                   :
                                                    :
vs.                                                 :   ORDER & OPINION
                                                    :   [Resolving Doc. No. 76]
NEW HAMPSHIRE INSURANCE                             :
COMPANY,                                            :
                                                    :
       Defendant.                                   :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Would-be Intervenors Scott Lukovski, Joseph Pantone, Michael Redman, Robert Scanlon, David Tievy, John Kostoglou, Thomas Culkar, Joseph Tenaglia, Joseph Kenny, and Robert Kenney ("Consumer Defendants") move to intervene in the main action under Federal Rules of Civil Procedure Rule 24(a)(2) and (b)(1)(B). [Doc. 76.] Defendant New Hampshire Insurance Company ("New Hampshire") opposes the motion. [Doc. 78.] For the reasons stated below, this Court **GRANTS** the motion to intervene.

I. Background

In 2003, National Marine, Inc., operated an enterprise that sold expensive, high-performance boats. Defendant New Hampshire Insurance Company issued a marine insurance policy to National Marine, effective November 1, 2003 to November 1, 2004. Defendant New Hampshire cancelled the policy on August 24, 2004, for non-payment of the premium. In 2004, after problems began to surface regarding the business practices of National Marine, the Trumbull County Court of Common Pleas established a receivership for the company and designated Plaintiff Suhar as the receiver. *See Home Sav. & Loan Co. Of Youngstown, Ohio v. Nat'l Marine, Inc.*, No. 2004-CV-1999 (Trumbull

Case No. 4:08-CV-2280
Gwin, J.

County Ct. C.P. filed Aug. 13, 2004). The state court receivership action remains pending.

The Intervenors, the Consumer Defendants, had purchased boats from National Marine. Due to National Marine's failure to deliver title to the boats purchased by the Consumer Defendants, and its failure to honor agreements to discharge liens on boats and other property traded-in by the Consumer Defendants, the Consumer Defendants sued National Marine in Trumbull County. On October 16, 2008, the Consumer Defendants won judgments against National Marine under theories of negligence, breach of contract, bailment, and violations of the Ohio Consumer Sales Practices Act. *See Andrew W. Suhar, Receiver for Nat'l Marine, Inc. v. Scott M Lukovski*, No. 2004-CV-2779 (Trumbull County Ct. C.P. October 16, 2008). The judgments total more than $2.5 million; the Consumer Defendants have yet to collect due to National Marine's insolvency. [Doc. 76 at 9.]

Meanwhile, on September 11, 2007, New Hampshire Insurance Company filed a complaint in this Court against Andrew Suhar, Receiver for National Marine, Inc.; National Marine, Inc.; Bill Hionas, individually and doing business as National Auto & Marine; and Norm Stull. [Case No. 4:07-CV-2743, Doc. 1.] In the initial complaint, New Hampshire sought declaratory judgment that it was not obligated to defend or indemnify any of the Defendants for claims against them, rescission of the insurance policy, and restitution of fees already expended in defending National Marine. In support of its complaint, New Hampshire claimed that misrepresentations made in the application for the insurance policy rendered the policy void *ab initio*. Over the course of the action, New Hampshire has twice amended its complaint. [4:07-CV-2743, Docs. 34, 81.] In its Second Amended Complaint, New Hampshire dropped its claims for declaratory judgment, leaving only the claims for rescission of the insurance policy and restitution. [4:07-CV-2743, Doc. 81.]

On September 12, 2008, while Case No. 07-CV-2743 was pending before this Court,

-2-

Case No. 4:08-CV-2280
Gwin, J.

Receiver Suhar filed a complaint against New Hampshire in state court, in the Court of Common Pleas in Trumbull County, seeking declaratory judgment regarding the rights and responsibilities of the parties under the insurance policy. [Doc. 1, Ex. A.] New Hampshire removed the case to federal court. [Doc. 1.] New Hampshire also counterclaimed against Suhar for restitution and rescission, and asked that the policy be declared void *ab initio*. [Doc. 12 at 7-8.][1/] In response to the counterclaim, Plaintiff Suhar filed a third-party complaint against Dawson Insurance, Inc., alleging that any misrepresentations on the policy application were made with the knowledge, acquiescence, consent, and active participation of Dawson, which acted as New Hampshire's agent. [Doc. 26.] Dawson has answered the third-party complaint and denied the allegations. [Doc. 29.]

The instant case was initially assigned to Judge David Dowd. However, the case was transferred to this Court to be consolidated with the earlier filed case, 4:07-CV-2743, because the two cases are between the same parties, litigating the same issue. [Doc. 24.] The cases are scheduled for trial on May 26, 2009.

On April 28, 2009, the Consumer Defendants filed the instant motion to intervene. [Doc. 76.] The Consumer Defendants argue that intervention is required to protect their interest in the judgments entered against National Marine. The Consumer Defendants note that this litigation in federal court has evolved from focusing on other, unrelated claims against National Marine (conversion claims related to Norm Stull, a former National Marine employee) to consisting of the general question of all coverage of National Marine by New Hampshire under the insurance policy at issue. [Id. at 5-6.] Therefore, the Consumer Defendants suggest that their interests are now implicated in ways they

---

[1/]Defendant New Hampshire filed an amended answer and counterclaim, but these did not materially alter the claims. [*See* Doc. 42.]

Case No. 4:08-CV-2280
Gwin, J.

were not previously. Further, the Consumer Defendants point to a pending Ohio Supreme Court case that may affect their interest in this case. In *Estate of Heintzelman v. Air Experts*, the Ohio Supreme Court will consider whether a final judgment entered in a declaratory judgment action between an insurer and an insured has a binding effect on judgment creditors in a subsequent action. *See Estate of Heintzelman v. Air Experts*, Ohio App. 5th Dist., 2008 WL 4356286 (Sept. 24, 2008); Ohio Sup. Ct. Case No. 2008-2173.

In its opposition, Defendant New Hampshire Insurance Company argues that the motion to intervene is untimely, and actually an effort by the Consumer Defendants to delay resolution of the matter in this Court. [Doc. 78 at 1-3.] New Hampshire also contends that the recent move by the Ohio Supreme Court to accept jurisdiction in the *Heintzelman* case is irrelevant because Ohio law holds that declaratory judgment sought by a policyholder against an insurer to determine insurance coverage is binding on judgment creditors in subsequent supplemental actions to enforce their judgments. *See* O.R.C. §§ 3929.06(C)(2), 2721.02(C). New Hampshire notes that the question in the pending *Heintzelman* case is whether such a declaratory judgment determining coverage is binding on judgment creditors when an insurer, not a policyholder, institutes the action for declaratory judgment. [Doc. 78 at 3-6.] Because Suhar, the policyholder as receiver for National Marine, instigated this action for declaratory judgment, New Hampshire says *Heintzelman* will have no bearing on this case. [Id.] Further, New Hampshire argues the participation of the Consumer Defendants in this trial is unnecessary because there are no facts left to determine on the declaratory judgment action, and on the other issues in New Hampshire's counterclaim, all the relevant facts are matters between the policyholder and the insurer, and have nothing to do with the Consumer Defendants. [Id. at 6-8.]

Case No. 4:08-CV-2280
Gwin, J.

## II. Legal Standard

Generally, a would-be intervenor has a right to intervene if they have an interest in the main action that, without intervention, may be impaired and no current party will adequately protect that interest. Fed. R. Civ. P. 24(a)(2). A court also has discretion to allow intervention when, considering delay or prejudice to the current parties, the would-be intervenor's claim has a common question of law or fact with the main action. Fed. R. Civ. P. 24(b).

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when the would-be intervenor

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2). The Sixth Circuit has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

Under Rule 24(b), a court has discretion to allow intervention upon a timely motion when the would-be intervenor has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In the exercise of this discretion, a court considers whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

Case No. 4:08-CV-2280
Gwin, J.

Regarding permissive intervention, the Sixth Circuit has stated that if the motion for intervention is timely and at least one common question of law or fact exists, the balancing of undue delay, prejudice to the original parties, and any other relevant factors should be considered. *Michigan State AFL-CIO*, 103 F.3d at 1248.

### III. Analysis

The Court first considers permissive intervention under Rule 24(b). The Intervenors, the Consumer Defendants, argue that their interests in protecting the judgments they recovered against National Marine share a common question of law or fact with the main action here - determining New Hampshire's insurance coverage of National Marine.

Ohio law provides that once an injured party wins a judgment against an insured, the injured party can bring a supplemental action seeking a declaratory judgment against the insurer determining the insurance coverage at issue. O.R.C. § 2721.02(B); O.R.C. § 3929.06(A)-(B). In such a supplemental action, "the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy . . . ." O.R.C. § 3929.06(C)(1). If the insured policyholder had commenced a declaratory judgment action against the insurer for determination of coverage, a final judgment with respect to that coverage has binding legal effect upon judgment creditors in supplemental actions against insurers. O.R.C. § 3929.06(C)(2).

In this case, Suhar, the receiver for National Marine and therefore the effective policyholder, brought this declaratory judgment action against New Hampshire, the insurer, to determine the extent of coverage under the insurance policy at issue. Included in this inquiry is the extent of coverage for the claims of the Consumer Defendants, the judgment creditors, against National Marine. Therefore,

Case No. 4:08-CV-2280
Gwin, J.

the final judgment in this Court adjudicating the policy's coverage provisions will likely have binding legal effect upon the Consumer Defendants in any supplemental action they might bring against New Hampshire to satisfy the judgments they have already won against National Marine. As such, the outcome in this case could significantly impact the Consumer Defendants, and the likelihood that they will recover on the judgments.

This is true notwithstanding the *Heintzelman* case currently pending before the Ohio Supreme Court. As Defendant New Hampshire described, in *Heintzelman* the *insurer* brought a declaratory judgment action against the *policyholder* to determine coverage. The question in that case, then, is whether such a declaratory judgment finding is binding against judgment creditors bringing a supplemental action against the insurer. However, in this case, as stated above, the receiver for National Marine, Suhar, brought the declaratory judgment action against New Hampshire, the insurer, to determine coverage. Thus, the *Heintzelman* case is inapplicable.

Next, the Court must ask if the intervention will cause undue delay or prejudice to the original parties. This case, in one form or another, has been before this Court for almost four years. [*See* Case No. 05-2179.][2/] The case is now about to go to trial in less than one month. Further delay caused by the intervention might be undue and might cause prejudice. However, no party has asked for a continuance at this point, and the Court would be unlikely to grant one. The Court does not find cause for further delaying the trial and ultimate resolution of the issues. As such, because the trial will proceed as scheduled, the Court finds the intervention of the Consumer Defendants will not cause undue delay or prejudice.

---

[2/]That is only how long the case has been before *this* Court, it does not include the proceedings before the Trumbull County Court of Common Pleas.

Case No. 4:08-CV-2280
Gwin, J.

Because the Court grants the motion to intervene based on permissive intervention, the Court need not consider intervention as of right.

IV. Conclusion

For the foregoing reasons, this Court **GRANTS** the motion to intervene. [Doc. 76.]

IT IS SO ORDERED.


Dated: May 11, 2009                              s/      *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE